IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| RHOZIER T. BROWN, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. DLB-23-2512 |
| LVNV FUNDING, LLC, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO SEVER**

Defendant JPMorgan Chase Bank, N.A. ("**Chase**"), respectfully submits this Memorandum of Law in Support of its Motion to Dismiss, or, in the Alternative, to Sever.

**INTRODUCTION**

Plaintiff has sued seven (7) Defendants—four creditors (Chase, LVNV Funding, LLC ("**LVNV**"), Credit One Bank, NA ("**Credit One**"), and Synchrony Bank ("**Synchrony**")) and three credit reporting agencies ("CRAs") (Equifax, Experian, and TransUnion)—challenging the credit reporting on entirely unrelated debts. Yet beyond listing this whole host of Defendants, the Complaint is nothing but a boilerplate recitation of the elements of claims under various consumer protection statutes and is entirely devoid of any factual content as to Chase, with the exception of the following three generic allegations:

- ¶ 4: alleging that Chase "is a lender";

- ¶ 12: alleging that Chase is reporting information to certain credit reporting agencies ("**CRAs**") about an account that Plaintiff implausibly alleges he has made payment on "for years *under duress* of being sued and having a negative rating on his report." (emphasis added); and

- ¶ 25: alleging that Chase violated the Maryland Consumer Debt Collection Act ("**MCDCA**") by "claiming Plaintiff was liable on the credit card account when [Chase] knew, or should have known, that Plaintiff did not open the account."

The balance of the allegations either are not directed at Chase at all—or baldly lump Chase, LVNV, Credit One, and Synchrony (and, in some instances, the CRAs, too) together collectively as "Defendants", without identifying any alleged acts or omissions of any individual Defendant. *See* Compl. ¶¶ 42-48, 50-55. Not only does the Complaint fail to identify or provide any information about the account supposedly at issue, but these allegations amount to nothing more than the "unadorned, the-defendant-unlawfully-harmed-me accusation" that is legally insufficient to state a plausible claim. Accordingly, the Complaint should be dismissed as to Chase. Compounding these defects is the fact that three of the four claims against Chase—Count Two (MCDCA), Count Three (Maryland Consumer Protection Act ("**MCPA**")), and Count Seven (Defamation)—are preempted by the Fair Credit Reporting Act ("**FCRA**"); indeed, a claim under this federal statute is alleged in Count Six of the Complaint.

But even if this Court allows any of Plaintiff's claims to proceed, those claims should be severed pursuant to Rule 21 in order to ensure that only related claims are part of the litigation. Forcing unrelated Defendants to litigate unrelated claims as part of the same case is both legally improper and highly prejudicial to Defendants, particularly given the added legal expense they must endure keeping abreast of the litigation—even as certain developments do not pertain to them. This Court should not permit this abuse of the judicial process to continue.

In this regard, Chase has reason to believe that Plaintiff is receiving substantial legal assistance in this matter from Thomas J. Alston, a frequent litigant in this Court. Specifically, the envelope in which the Complaint was delivered to Chase bears the following return address:

> PO BOX 4624
> UPPER MARLBORO MD 20775

A copy of the envelope is attached as **Exhibit 1**.[1] This is the same P.O. Box used by Alston in his own cases. *See Thomas J. Alston v. Equifax Information Services, Inc.*, Case No. DLB-23-1707 and *Thomas J. Alston v. Equifax Information Services, Inc.*, Case No. PX-22-1346. *See* DLB-23-1707, ECF No. 4 at p. 6 (envelope enclosing complaint) and PX-22-1346, ECF No. 1-1 at 13 (envelope enclosing complaint). Moreover, the boilerplate FCRA and related allegations in Plaintiff's Complaint fit Alston's *modus operandi* and the "enterprise of Fair Credit Reporting Act litigation" that Judge Chasanow recognized more than a decade ago in rescinding *in forma pauperis* status previously given the Alston "enterprise". *Alston v. Creditors Interchange Receivable Mgmt., LLC*, 2012 WL 4370124, at *1 (D. Md. Sept. 21, 2012).

Chase respectfully submits that Plaintiff should be compelled to disclose whether he has received legal assistance from Alston, from Alston's employer, The Washington Legal Group, LLC, and/or from Jeffrey Styles, Esq., a District of Columbia attorney with that firm who frequently enters his appearance on behalf of Alston and Alston-affiliated litigants only after cases filed in Maryland state court (where Styles is not a member of the bar) are removed to this Court (where Styles is permitted to practice). *See, e.g., Thomas J. Alston v. Truist Bank*, Case No. TDC-22-2974, ECF No. 3 ("pro se" Complaint filed in state court) and ECF No. 30 (Styles' entry of appearance following removal). To the extent Plaintiff is not truly proceeding *pro se*, he should not be afforded any special solicitudes given to actual self-represented litigants.

## STANDARDS OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides that a party may move to dismiss where there is "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule

---

[1] While the return address lists a post office box in Upper Marlboro, Maryland, the letter was mailed from Washington, D.C., where Alston works for The Washington Legal Group, LLC.

12(b)(6), a complaint must contain facts sufficient to "state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, the Court must accept as true the well-pleaded allegations of the complaint and construe all factual allegations in the light most favorable to the plaintiff. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).

While the *pro se* Plaintiff's pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014). "Moreover, a federal court may not act as an advocate for a self-represented litigant." *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (citing *Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1997)).

## ARGUMENT

### I. The Complaint Relies on Impermissible Group Pleading.

As a threshold matter, the Complaint should be dismissed because it relies on impermissible group pleading. This Court repeatedly has held that collective allegations that fail to delineate what defendant committed or played what role in the alleged misconduct fail to satisfy the mandates of Rule 8(a)(2). *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 454 (D. Md. 2005). *See also Proctor v. Metro. Money Store Corp.*, 579 F. Supp. 2d 724, 744 (D. Md. 2008) ("At best, such pleading amounts to a conclusory allegation that ... [each Defendant] [was] somehow responsible for the wrongful conduct[.] At worst, the repeated refrain that all three individuals committed each and every act must be read as an allegation that one of the three did each act, an assertion that amounts to speculation and which is deficient under *[Bell Atl. Corp. v.]*

4

*Twombly* [, 550 U.S. 544 (2007)]."); *Borkowski v. Baltimore Cty., Maryland*, 414 F. Supp. 3d 788, 803 (D. Md. 2019) (citing *Proctor* and stating that "Defendants are correct to question Plaintiffs' group pleading").

Here, Counts Six (FCRA) and Seven (Defamation) are levied against no fewer than four unrelated Defendants. Yet, the Complaint fails to state what alleged conduct is attributable to each Defendant. These allegations plainly fail to put Chase on notice of the claims against it and, therefore, are subject to dismissal.

**II. <u>The Boilerplate Complaint Fails to State a Plausible Claim for Relief</u>.**

The Complaint is also subject to dismissal because it is nothing more than a boilerplate recitation of the elements of each of the four causes of action alleged against Chase—and fails to include *any factual matter* sufficient to state a claim. As the Supreme Court explained in *Iqbal*, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." 556 U.S. at 687. And while a pro se plaintiff may be "held to less stringent standards than formal pleadings drafted by lawyers … even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (citations omitted).

Here, the Complaint's factual allegations *against Chase* appear in a sum total of three paragraphs (¶¶ 4, 12, and 25) of the 55-paragraph pleading and amount to nothing more than the "unadorned, the-defendant-unlawfully-harmed-me accusation" that is legally insufficient. Nowhere in the Complaint does Plaintiff even attempt to identify (1) the account at issue (whether by account number, date of opening, or other description), (2) the date of the allegedly inaccurate

5

reporting, (3) the date on which Plaintiff sent a dispute letter to Equifax and Experian, (4) the substance of the allegedly inaccurate reporting, or (5) the date of his alleged visit to "a local [Chase] bank". Absent any allegations identifying or describing the dispute at issue, Plaintiff fails to state a plausible FCRA claim.

On top of these sparse allegations, it appears that Plaintiff's entire theory and claim is based on his facially implausible and inconsistent allegations, in one breath, that he "did not open the [Chase] credit card account," (Compl. ¶ 12), and, in the next, that he "paid this account for years under duress of being sued and having a negative rating on his report." (Id.). Plaintiff simply cannot have it both ways, and the artful invocation of the term "duress" does not even remotely give rise to the concept of duress under general principles of contract law. Rather, the "duress" alleged in the Complaint is nothing more than a healthy and appropriate concern for the practical consequences of failing to pay one's debts. In any event, whatever "duress" may have driven Plaintiff to make payments on the account, for years, does not give rise to a plausible claim under the FCRA.

Relatedly, the Complaint fails to allege any facts underlying its claim for damages. While the Complaint generally avers "loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress," (Compl. ¶ 46), "these are the barest of bare bones allegations" and are insufficient to plead actual injury under the FCRA. *Alston v. Experian Info. Sols., Inc.*, PJM-15-3558, 2016 WL 4555056, at *7 (D. Md. Aug. 31, 2016) (holding that allegations of "damages including out-of-pocket costs, loss of time, frustration, anger and other emotional or mental stress" insufficient to allege actual injury on FCRA claim). The Complaint's allegation regarding damages on the MCDCA, MCPA, and defamation claims are equally "bare bones" and similarly deficient. *See* Compl., ¶¶ 27, 30, 55. None of these

damages allegations is supported by facts, and none of these allegations attributes any "injury" to Chase's alleged conduct—as opposed to the alleged conduct of the other defendants. This is particularly problematic here given that Plaintiff asserts the same generalized allegations related to the other three defendant-creditors that allegedly engaged in the same purported conduct as Chase.

### III. The Complaint's MCDCA and MCPA Claims Are Preempted by the FCRA.

The Complaint's MCDCA (Count Two) and MCPA (Count Three) claims must be dismissed because these state statutory claims are predicated on Chase's alleged furnishing of information to the CRAs and, therefore, are preempted by the FCRA. *See, e.g., Magruder v. Educ. Sys. Fed. Credit Union*, 194 F. Supp. 3d 386, 391 (D. Md. 2016) ("Under the approach adopted by this Court, state statutory claims arising from reporting inaccurate information to credit reporting agencies are "squarely preempted by the plain language of the FCRA.") (quoting *White v. Green Tree Servicing, LLC*, 118 F.Supp.3d 867, 872 (D. Md. 2015)). *See also Ross v. FDIC*, 625 F.3d 808, 813 (4th Cir. 2010)). While ¶ 25 of the Complaint alleges that Chase violated the MCDCA "by claiming Plaintiff was liable on the credit card account," the only allegation of any such "claim" is the allegation in ¶ 12 that Chase "is reporting to Equifax and Experian that Plaintiff opened a credit card account and has an outstanding balance." Thus, the Complaint's MCDCA claim—and the tagalong *per se* MCPA claim under Md. Code, Comm. Law § 13-301(14)(iii)—are predicated on the furnishing of inaccurate information to the CRAs and, therefore, are preempted by the FCRA. Accordingly, Counts Two and Three must be dismissed.

### IV. The Complaint's Defamation Claim Is Preempted by the FCRA.

Even if Plaintiff could otherwise state a claim, his defamation claims fail as a matter of law because such claims are expressly preempted by the FCRA. *See* 15 U.S.C. § 1681h(e) (providing

that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer"). The Complaint is devoid of any allegation that Chase engaged in conduct with "malice or willful intent." Accordingly, the defamation claims are subject to dismissal. *See Jackson v. JP Morgan Chase Bank, N.A.*, 2022 WL 1663565, at *2 (D. Md. May 25, 2022); *Beuster v. Equifax Info. Servs.*, 435 F. Supp. 2d 471, 477 (D. Md. 2006) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)).

### V. Even if Plaintiff Stated a Plausible Claim for Relief, His Claims against Chase Should be Severed from His Claims against LVNV, Credit One, and Synchrony.

If, notwithstanding the numerous defects identified above, this Court determines that the Complaint states a plausible claim for relief against Chase, Chase requests that Plaintiff's claims against it be severed from his claims against the other Defendant-Creditors, LVNV, Credit One, and Synchrony.[2] Indeed, the Complaint is facially defective because Plaintiff has misjoined Chase as a Defendant in violation of Fed. R. Civ. P. 20(a). That rule allows a plaintiff to join various parties as defendants in the same action only if the claims "aris[e] out of the same transaction, occurrence or series of transactions or occurrence; *and* any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a) (emphasis added). Where, as in this case, a party has been improperly joined, the court may cure the misjoinder by severing the improperly joined claims or parties. Pursuant to Rule 21, this Court is vested with discretion to "add or drop

---

[2] Chase does not seek severance from the CRAs to the extent Plaintiff's claims against them are based on disputes relating to his alleged Chase account.

8

a party" or "sever any claim against a party" "at any time, on just terms." Fed. R. Civ. P. 21 (noting the decision may be upon motion by a party or *sua sponte*).

The Complaint challenges the credit reporting on unrelated debts owed to several unrelated creditors: Chase, LVNV, Credit One, and Synchrony. There is nothing in the Complaint that remotely suggests that the claims against Chase arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's claims against the other creditors named as Defendants. Nor is there any allegation (nor could there be one) that the liability asserted is joint, several, or in the alternative. Rather, Plaintiff has merely brought claims against multiple, unrelated entities that he alleges to have made negative reports to credit bureaus absent any allegation that the negative reports are related in any way. The fact that Chase and others allegedly reported Plaintiff's credit deficiencies to the credit reporting agencies does not constitute a common transaction, occurrence, or series of occurrences. Thus, Plaintiff's claims against Chase are improperly joined to those against other creditors.

Equally problematic is that the Complaint does not allege any common questions of fact or law—other than the tangential and irrelevant link that some of the claims against each Defendant are brought under the same statutes. This, too, is insufficient to satisfy the permissive joinder standard in Rule 20. "[T]he mere fact that all of a plaintiff's claims arise under the same general law does not establish a common question of law or fact." *Coughlin v. Rogers,* 130 F. 3rd 1348, 1351 (9th Cir. 1997). Under similar facts, federal courts have severed and dismissed misjoined defendants in similar credit reporting actions. *See Iyigun v. Cavalry Portfolio Servs., LLC,* 2013 WL 93114, at *2 (C.D. Cal. Jan. 8, 2013) ("The FAC does not allege that the various adverse credit reports by each Defendant were anything but discrete, unrelated occurrences. Indeed, there do not appear to be any common questions of law or fact beyond allegations that each Defendant violated

the same statutes in the same manner. This is not sufficient to create a common question of law warranting permissive joinder of Defendant."); *Tataryan v. Chase Bank (USA) N.A.,* 2013 WL 424778, at *2 (C.D. Cal. Feb. 1, 2013) (granting motion to dismiss FCRA claim against defendant because "the separate reporting of two different accounts, one by each Defendant, cannot be considered the same transaction or occurrence and that the parties are therefore misjoined").

Accordingly, if any of Plaintiff's claims against Chase survives this Motion to Dismiss, those claims should be severed from Plaintiff's claims against LVNV, Credit One, and Synchrony.

## CONCLUSION

For the foregoing reasons, Defendant JPMorgan Chase Bank, N.A. respectfully submits that its Motion should be GRANTED and that all claims against it should be DISMISSED WITH PREJUDICE. Alternatively, Chase requests that Plaintiff's claims against Chase be SEVERED from Plaintiff's claims against LVNV, Credit One, and Synchrony.

Respectfully submitted,

*/s/ Brian L. Moffet*
Brian L. Moffet, Esq. (Fed. Bar 13821)
Michael B. Brown, Esq. (Fed. Bar 19641)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
410-727-6464
bmoffet@milesstockbridge.com
mbbrown@milesstockbridge.com

*Counsel for Defendant*
*JPMorgan Chase Bank, N.A.*