IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| RHOZIER T. BROWN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 23-cv-2512-PX |
| CREDIT ONE BANK, N.A., *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*

## MEMORANDUM OPINION

Pending in this consumer credit action are the following motions: Defendant Credit One Bank, N.A.'s ("Credit One") Motion to Dismiss (ECF No. 59); Equifax Information Services, LLC's ("Equifax") Motion to Dismiss (ECF No. 22), and Plaintiff Rhozier T. Brown's ("Brown") first and second motions for leave to amend the Complaint. ECF Nos. 29 & 63. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants in part and denies in part Credit One's motion; denies Equifax's motion as moot; denies Brown's motion for leave to file the First Amended Complaint as moot; and grants in part and denies in part Brown's motion for leave to file a Second Amended Complaint.

**I.   Background**

On August 15, 2023, Brown filed suit in Prince George's County Circuit Court against Defendants Credit One, Equifax, LVNV Funding, LLC ("LVNV), JPMorgan Chase Bank, N.A. ("Chase"), Synchrony Bank ("SYNCB"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"), alleging a host of claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14-201–204; the Maryland Consumer Protection

Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-301–320; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; and common law defamation. *See* ECF No. 4. The gravamen of the claims center on the alleged false reporting of credit card debt and other "unpaid debt" and delinquencies. *Id.*

On September 15, 2023, Chase removed the case to this Court, asserting federal question jurisdiction. ECF No. 1. Trans Union and SYNCB answered the Complaint. ECF Nos. 14 & 27. Thereafter, Brown settled with LVNV (ECF Nos. 30 & 31), Chase (ECF Nos. 30 & 31), Equifax (ECF Nos. 50, 71 & 72) and Experian (ECF Nos. 71 & 72).

Three Defendants SYNCB, Credit One and Trans Union -- remain. As to them, the parties dueling motions have created a procedural whirlwind. The Court will calm the winds as follows. Because Brown's proposed Second Amended Complaint incorporates all proposed amendments in the First Amended Complaint, the Court denies Brown's first motion to amend (ECF No. 29) as moot and will address the propriety of allowing the proposed Second Amended Complaint to proceed. As to Credit One's motion to dismiss the MDCPA, MCPA and defamation claims, ECF No. 59, although Credit One sought dismissal of the claims in the original Complaint, the counts are identically pleaded in the proposed Second Amended Complaint. *Compare* ECF No. 4 *with* ECF No. 63-1. The Court will treat Credit One's motion as directed at the proposed Second Amended Complaint. Last, Trans Union lodges identical objections to the same facts pleaded in the proposed First and Second Amended Complaints. ECF Nos. 39 & 64. The court will address Trans Union's opposition solely as to the Second Amended Complaint.

To aid resolution of the motions, the Court summarizes Second Amended Complaint's factual allegations pertinent as to the remaining Defendants.

### A. Credit One

Credit One is a sub-prime lender that had erroneously reported to Experian an unpaid debt attributable to Brown which Credit One had sold to LVNV. ECF No. 63-1 ¶¶ 8-9. Brown called Credit One regarding the issue, and Credit One admitted that it had no documentation showing that he had an account, but then Credit One took no action to remedy the false reporting. *Id.* Credit One mailed Brown a letter stating that it was not reporting any account with an unpaid debt to any credit reporting agency ("CRA"). *Id.* ¶ 13. On September 11, 2023, Credit One requested and obtained Brown's credit report from Experian despite being fully aware that Brown did not have a Credit One account. *Id.* ¶ 15. From this, Brown alleges that Credit One violated the MCDCA and MCPA in claiming that Brown had outstanding credit card debt when he did not (Counts One and Two); the FCRA §1681s-2(b) in failing to conduct a reasonable investigation (Count Six); FCRA § 1681(b)(f) (Count Eight); and common law defamation (Count Nine).

### B. SYNCB

SYNCB is a retail credit card lender that erroneously reported Brown had not only opened a credit card account, but that the account has since been charged off. ECF No. 63-1 ¶¶ 43-44. When Brown informed SYNCB of this error, he learned that because SYNCB assigned the debt another company, SYNCB had no information or documentation to verify whether Brown is the true account holder. *Id.* ¶ 47. On August 12, 2023, Brown disputed the debt with Equifax. *Id.* ¶ 48. Equifax forwarded the dispute to SYNCB. SYNCB, in turn, notified Brown that it investigated the matter and determined that the account did not belong to Brown. *Id.* ¶¶ 48-49, 52. Brown brings against SYNCB violations of the MCDCA and MCPA (Counts One

and Two); the FCRA §1681s-2(b) for failure to conduct a reasonable investigation (Count Six); FCRA§ 1681b(f) for impermissibly obtaining Brown's credit report (Count Eight); and common law defamation (Count Nine).

### C. Trans Union

Trans Union is a credit reporting agency that erroneously reported Brown's payment on his Veridian tradeline as delinquent. ECF No. 63-1 ¶ 59. By letter, dated August 12, 2023, Brown disputed the debt with Trans Union, but Trans Union performed no investigation. Instead, it "merely forwarded the dispute to Veridian and parroted Veridian's response." Id. ¶¶ 58-63, 65, 67. Nor did Trans Union inform Brown of any results from its investigation. Trans Union is alleged to have violated the MCPA (Count Three); the FCRA § 1681i (Count Five).

### II. Standard of Review

Amendment of pleadings should be liberally granted when justice so requires. *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 706 (D. Md. 2011); see Fed. R. Civ. P. 15(a)(2). "[A] request to amend should only be denied if . . . 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile.'" *Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.,* 576 F.3d 172, 193 (4th Cir. 2009)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (internal quotation marks omitted) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008)). When a defendant opposes amendment as futile, the Court accepts the averred facts as true and most favorably to the plaintiff to ascertain whether amendment survives as a matter of law. *See*

*Kerrigan v. Bd. of Educ. of Carroll Cty.*, 2016 WL 470827, at *3 (D. Md. Feb. 8, 2016) (citing *Ibarra v. United States*, 120 F. 3d 472, 474 (4th Cir. 1997).

With this standard in mind, the Court turns the separate challenges lodged by Credit One and Trans Union.

### III. Analysis

#### A. Credit One

Credit One contends that the MCDCA, MCPA, and defamation claims (Counts One, Two, and Nine) cannot proceed because they are preempted by the FCRA. *See* ECF No. 59-1 at 3–4. The FCRA is "a comprehensive statutory scheme designed to regulate the consumer reporting industry." *Ross v. F.D.I.C.*, 625 F.3d 808, 812 (4th Cir. 2010). It was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco*, 551 U.S. at 52. The MCDCA and the MCPA fulfill similar remedial purposes as the FCRA. They are statutes that aim "to protect the public from unfair or deceptive trade practices by creditors engaged in debt collection activities." *Andrews & Lawrence Pro. Servs., LLC v. Mills*, 467 Md. 126, 131–32 (2020); *see also Chavis v. Blibaum & Assocs., P.A.*, 476 Md. 534, 553 (2021) (explaining that violation of MCDCA is a per se violation of MCPA).

The doctrine of preemption derives from the Supremacy Clause, which "provides a clear rule that federal law 'shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding.'" *Arizona v. United States*, 567 U.S. 387, 399 (2012) (quoting U.S. Const. art. VI, cl. 2). "Under the Supremacy Clause, state law that conflicts with federal law is 'without effect.'" *AES Sparrows Point LNG, LLC v. Smith*, 527 F.3d 120, 125 (4th Cir. 2008) (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516

(1992)).  However, the Court assumes "that the historic police powers of the States [are] not to be superseded by . . . Federal Act unless that [is] the clear and manifest purposes of Congress." *Cipollone*, 505 U.S. at 516.  Where "Congress has clearly expressed an intention to [preempt state law]," then the state claim cannot proceed alongside the federal statutory claim.  *H & R Block E. Enters., Inc. v. Raskin*, 591 F.3d 718, 723 n.9 (4th Cir. 2010) (quoting *Coll. Loan Corp. v. SLM Corp., a Del. Corp.*, 396 F.3d 588, 595–96 (4th Cir. 2005)).

The FCRA expressly states that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  § 1681t(b)(1)(F).  Plainly, the FCRA preempts all state statutory claims "arising from reporting inaccurate information to credit reporting agencies."  *Magruder v. Educ. Sys. Fed. Credit Union,* 194 F. Supp. 3d 386, 388-389 (D. Md. 2019); *see White v. Green Tree Servicing, LLC*, 118 F. Supp. 3d 867, 872 (D. Md. 2015).  Because the MDCPA and MCPA claims "run into the teeth of the FCRA preemption provision," *id* (quoting *Ross*, 625 F.3d at 813), and no amendment could cure this preemptive effect, the claims as pleaded are futile.  Brown will not be permitted to proceed on Counts One and Two.

As to the defamation claim (Count Nine), the proposed Second Amended Complaint avers that Credit One defamed Brown by reporting inaccurate credit information about him to the CRAs, knowing that "the CRAs would furnish credit reports containing their inaccurate information to third parties."  ECF No. 4 ¶¶ 50–51.  For common law claims, the FCRA prohibits "any action or proceeding in the nature of defamation . . . *except as to false information furnished with malice or willful intent to injure such consumer*." § 1681h(e) (emphasis added). The FCRA thus preempts defamation unless the complaint makes plausible that the defendant

defamed plaintiff with a willful intent to injure or with malice. *See Richards v. New Rez, LLC*, No. ELH-20-1282, 2022 WL 657568, at *22–23 (D. Md. Mar. 4, 2022).

Credit One singularly argues that no facts make plausible its having acted with malice or willful intent. *See* ECF No. 65 at 4. Willfulness is a "'knowingly and intentionally committed an act in conscious disregard for the rights of others.'" *Beuster v. Equifax Info. Servs.*, 435 F. Supp. 2d 471, 479 (D. Md. 2006) (quoting *Wiggins v. Equifax Servs., Inc.*, 848 F. Supp. 213, 219 (D.D.C.1993)). Malice requires reporting the inaccurate credit information with "serious doubts as to the truth of the publication," "with a high degree of awareness of [its] probable falsity," or with actual knowledge that the statement was false. *Id.*

Although the Second Amended Complaint's factual predicate is thin, it is sufficient such that the claim is not preempted. The proposed Second Amended Complaint alleges that Credit One reported false credit information to the CRAs "each and every month" even though Credit One "knew the CRAs would furnish credit reports containing [its] inaccurate information to third parties." ECF No. 63-1 ¶¶ 147–48. The proposed Second Amended Complaint further avers that Credit One reported the inaccurate credit information "with the actual knowledge that the material was false." *Id.* Thus, the claim survives challenge. *See Beuster*, 435 F. Supp. 2d 471 at 480 ("[T]he Federal Rules require only a general pleading of malice.") (internal quotation marks omitted). Count Nine shall proceed.

Credit One also opposes amendment as to Count Eight, which alleges a willful or negligent violation of 15 U.S.C. § 1681b(f). Credit One first argues that Brown lacks standing to bring the claim. Standing is conferred where the plaintiff demonstrates that it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct . . . and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016),

as revised (May 24, 2016).  Credit One presses that the proposed claim fails to aver any injury-in-fact because no damages are pleaded.  See ECF No. 65 at 5–6.  But a willful violation of the FCRA triggers statutory and punitive damages in addition to actual damages.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007); 15 U.S.C. §§ 1681o, 1681n(a).  Because the proposed Second Amended Complaint avers mental and emotional distress from Credit One's invasion of Brown's privacy by seeking unauthorized credit reports, ECF No. 63-2 ¶ 143, an array of related damages are available.  Thus, Brown has averred sufficient injury in fact to confer standing.  *See Alston v. AT&T Servs., Inc.*, No. GJH-18-2529, 2019 WL 670241, at *3 (D. Md. Feb. 19, 2019) (finding plaintiff's allegations of "mental distress and emotional anguish from the ongoing invasion of [his] privacy" sufficient); *Alston v. Freedom Plus/Cross River*, No. TDC-17-0033, 2018 WL 770384, at *6 (D. Md. Feb. 7, 2018) (same).

Alternatively, Credit One argues that the proposed amendment avers no facts to make plausible that Credit One sought the report for no legitimate purpose.  ECF No. 65 at 6-8.  Section 1681b(f) prohibits a person from "us[ing] or obtain[ing] a consumer report for any purpose" not expressly authorized by the FCRA.  To survive challenge, the claim must aver that defendant used or obtained a consumer report without any permissible statutory purpose and with a specified culpable mental state.  *See Bolden v. McCabe, Weisberg & Conway, LLC*, No. DKC 13-1265, 2013 WL 6909156, at *3 (D. Md. Dec. 31, 2013).  Notably, the statute enumerates the permissible purposes associated with requesting a consumer report. FCRA § 1681b(a).  The proposed amended claim, however, merely alleges that Credit One obtained the report "with no intention of using [the] credit report for a permissible purpose" and then used the report for "marketing and/or other impermissible purposes." ECF No. 63-1 at ¶¶ 141-142.  This naked legal averment devoid of any facts is insufficient.  *See Cole v. Cap. One,* No. GJH-15-

1121, 2016 WL 2621950, at *4 (D. Md. May 5, 2016) (dismissing § 1681(b)(f) claim when plaintiff merely asserted that the defendant "willfully obtained her credit report through false pretenses and without a permissible purpose"); *see also King v. Equable Ascent Fin., LLC,* No. 1:12-443, 2013 WL 2474377, at *3 (M.D.N.C. June 10, 2013) (dismissing claim when plaintiff alleged no facts ruling out a permissible purpose for the defendant's request); *cf. Alston*, 2019 WL 670241, at *2 (denying dismissal when plaintiff "allege[d] that he did not receive an offer of credit and that he spoke to [Defendant's] representative who advised him that the Defendant had not obtained his credit report for a permissible purpose"). Because the claim fails as a matter of law, amendment to add Count Eight is futile. The motion to amend as to Count Eight is denied.

    **B.**    **Trans Union**

Trans Union opposes amendment to the complaint because the proposed pleading "add[s] incorrect facts" regarding its reporting of two credit accounts. ECF No. 64 at 1. Specifically, Trans Union protests that contrary to the facts averred in the Second Amended Complaint, Trans Union *did* investigate the Veridian account in response to Brown's August 2023 dispute letter. ECF No. 64. Trans Union also maintains that it took corrective action on the LVNV account in response to Brown's dispute. *Id.* Although in the end Trans Union may have the better evidence, the Court cannot go beyond the four corners of the proposed amended complaint to determine if the claims are legally sufficient. Surely Trans Union knows this, and so the argument is perplexing -- especially considering that Trans Union had answered the original Complaint, and the Second Amended Complaint adds no new causes of action.

Notwithstanding this, Trans Union highlights that Brown's seriatim motions to amend have added unnecessary confusion to the matter, which may very well be by design. ECF No. 64 at 3. Although the Court will not award Trans Union's requested attorneys' fees to compensate

for responding to both motions to amend, Brown is forewarned that no further amendments of the pleading will be permitted absent extraordinary good cause.

## IV.     Conclusion

For the foregoing reasons, Equifax's Motion to Dismiss (ECF No. 22) is denied as moot; Brown's motion for leave to file a First Amended Complaint (ECF No. 29) is denied as moot; Credit One's Motion to Dismiss at ECF No. 59 and as applied to the proposed Second Amended Complaint is granted in part and denied in part; and Brown's Motion for Leave to File a Second Amended Complaint (ECF No. 63) is granted in part and denied in part.  Within 14 days from the date of this Opinion and Order, Brown shall file a clean copy of the Second Amended Complaint removing Counts One, Two and Seven,[1] and Eight as to Credit One, and renumbering the causes of action.  Thereafter, the Defendants shall have 21 days to Answer the Second Amended Complaint.  A separate Order follows.

August 28, 2024
Date

/S/
Paula Xinis
United States District Judge

---

[1] Count Seven appears to proceed only against Experian which has since settled with Brown.